## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **ROKA SPORTS, INC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: 6:19-cv-365** |
| | § | |
| **ROKA FITNESS LLC,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |
| | § | |

## COMPLAINT

Plaintiff, ROKA SPORTS, INC. ("Plaintiff" or "ROKA"), by and through undersigned counsel, sues Defendant, ROKA FITNESS LLC ("Defendant" or "Roka Fitness"), and alleges as follows:

### The Parties

1.     Plaintiff, ROKA, is a Delaware corporation with its principal place of business at 2214 West Braker Lane, Suite A, Austin, Texas 78758-4030.

2.     Upon information and belief, Defendant Roka Fitness is a Texas limited liability company with its principal place of business at 9201 Brodie Lane, Unit 3303 Austin, Texas 78748-6278.

3.     Roka Fitness may be served with process via its registered agent Jerry M. Prater, at 9330 LBJ Freeway, Suite 280, Dallas, Texas 75243.

### Jurisdiction and Venue

4.     This is an action for, among other things, trademark infringement under 15 U.S.C. § 1051, *et seq.* and for other related claims and causes of action.

1

5.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121(a).

6.     This Court has personal jurisdiction over Roka Fitness because it operates, conducts, engages in, and carries on a business in Texas, including within this judicial district, and has purposefully availed itself of the privilege of conducting activities in Texas, including within this judicial district.

7.     Venue is proper in the United States District Court for the Western District of Texas pursuant to at least 28 U.S.C. §§ 1391(b)(2).

**General Allegations**

A.     **The ROKA Marks.**

8.     Founded in 2011 and based in Austin, Texas, ROKA is one of the leading triathlon, running, and cycling apparel and accessory companies in the world. ROKA sponsors some of the best professional triathletes, cyclists, runners, and rally drivers in the world, including several world champions and Olympic gold medalists. ROKA is the Official Global Swim Partner of IRONMAN®, the largest and most well-known even organizer for triathlons in the world. ROKA is also the Official Apparel and Swim Partner of USA Triathlon and the Official Swim Partner of the British Triathlon Federation. ROKA's products include sports apparel, accessories, and equipment, storage solutions, and sunglasses and prescription eyewear (the "ROKA Goods and Services"). ROKA markets, sells, and provides its ROKA Goods and Services in interstate commerce in connection with and in association with its "ROKA" word and design marks (the "Marks" or the "ROKA Marks"). ROKA also uses the ROKA mark as its trade name and in the domain name for its website, www.roka.com.  ROKA also sells product internationally via the websites uk.roka.com, eu.roka.com and global.roka.com.

9.      ROKA has been continuously using its ROKA Marks since it began publicly marketing ROKA Goods and Services in March 2013 and has acquired substantial common law rights in and to the ROKA Marks by virtue of that continuous and ongoing usage.

10.      In addition to substantial common law rights, ROKA owns and holds several U.S. trademark registrations. Specifically at issue are the non-stylized "ROKA" word mark and ROKA stylized design mark, for which ROKA owns multiple U.S. trademark registrations. A full list of these registered trademarks is attached as **Exhibit "A."** The ROKA stylized design mark, first registered on September 24, 2013, is shown in **Figure 1** below.

RŌKA

*Fig. 1: ROKA trademark, U.S. Trademark Registration No. 4,408,532.*

11.      ROKA also owns trademark registrations in Australia, Brazil, Canada, China, the EU, Indonesia, Japan, New Zealand, South Africa, and WIPO.

12.      ROKA was the first and sole owner and user in the United States of the ROKA Marks, as well as of the trade name "ROKA," and has acquired legal rights in and to the ROKA Marks and trade name by virtue of that continuous and ongoing usage.

13.      Since March 2013, ROKA has extensively marketed the ROKA Goods and Services using the ROKA Marks. As such, the ROKA Marks have acquired valuable goodwill and fame throughout Texas and the United States. Additionally, ROKA has been continuously using the ROKA Marks since at least as early as 2013 in interstate commerce in connection with the ROKA Goods and Services, including extensive advertising, marketing, promotion, and sales such

that consumers know and recognize the ROKA Marks, and associate them distinctly with ROKA and the high quality products that ROKA markets, sells and provides.

14.     As a result of ROKA's substantial and significant ongoing advertising, marketing, and promotional efforts, ROKA's use of the ROKA Marks, the geographical scope in which ROKA uses and promotes the ROKA Marks, and the high degree of consumer recognition, the ROKA Marks have acquired secondary meaning, have become well-known and famous in the sports performance product and apparel industry, and have acquired extremely valuable goodwill such that the public associates the ROKA Marks with ROKA and as the source for high-quality technical apparel and other products.

**B**.     **Roka Fitness's Infringement of the ROKA Mark.**

15.     Upon information and belief, Roka Fitness has been and is using, without authorization from ROKA, one or more infringing versions of the ROKA marks (the "Infringing Mark" or "Infringing ROKA Mark"), including in connection with a fitness gym opened in Austin, Texas named Roka Fitness.

16.     Upon information and belief, such use includes Roka Fitness's use of the ROKA name on the gym, on social media and promotional materials, including Roka Fitness brand apparel, and as part of its trade name and in the domain name for its website, https://rokafitness.com/. See **Figure 2** and **Figure 3** below for examples of Roka Fitness's infringing use of the ROKA name and Mark. Compare Roka Fitness's marketed tank tops with ROKA's own fitness apparel, shown in **Figure 4** below.



*Fig. 2: May 2019 Instagram post by Roka Fitness showing gym logo.*



*Fig. 3: Roka Fitness tanks advertised in May 14, 2019 Instagram post.*



*Fig. 4: ROKA Women's Pro Team Workout Tank.*

17.    Roka Fitness's Infringing ROKA Mark is identical to Plaintiff's ROKA Mark.

18.     However, ROKA's use of the ROKA Marks predates Roka Fitness's use of the Infringing ROKA Marks in all geographic areas of the United States. ROKA began using its ROKA Marks in 2013 but, upon information and belief, Roka Fitness did not begin use of its Infringing Mark until at least some point in 2017 or later, years after the time that ROKA began use of its ROKA Marks.

19.     Roka Fitness is competing with ROKA by marketing, selling, and providing services that are substantially similar to ROKA's Goods and Services, namely goods and services relating to fitness products and solutions.

20.     Roka Fitness's unauthorized use of the Infringing ROKA Mark in connection with the Infringing Services has caused or is likely to cause confusion, mistake, or deception among consumers in the marketplace as to the source, origin, nature, quality, or sponsorship of such services. Roka Fitness's unauthorized use of the ROKA Mark falsely suggest that Roka Fitness has a connection with or is a licensee of ROKA, and dilutes the distinctiveness of the well-known ROKA Marks.

21.     Web searches of "Roka" exemplify this confusion, as shown in **Figure 5** below. Because ROKA and Roka Fitness are both located in Austin, Texas, the mixed website and map results blur any distinction between ROKA and Roka Fitness. Additionally, ROKA's online and social media presence further reflects a unified ROKA brand. For example, ROKA owns the domain name www.roka.com, and it operates Twitter and Instagram accounts with the handle @rokasports. ROKA is also available on Facebook at https://www.facebook.com/ROKA/. Accordingly, it is untenable for ROKA to coexist with Roka Fitness in the online and social media sphere, regardless of the "Fitness" modifier.



*Fig. 5: Popular search engine results for term "roka Austin."*

22.     Moreover, Roka Fitness's unauthorized use of the Infringing Mark has allowed Roka Fitness to use, trade off of, and benefit from ROKA and its ROKA Marks' valuable goodwill. Such unauthorized use has also injured or is also likely to injure the reputation and goodwill associated with ROKA and its ROKA Marks.

23.     On December 22, 2018, ROKA sent a letter addressed to Roka Fitness's managing member, Robert Kahn, demanding that Roka Fitness cease and desist its use of the Infringing ROKA Mark. A true and correct copy of this letter is attached as **Exhibit "B."**

24.     After Roka Fitness did not respond or comply with the requests in the December 22 letter, ROKA sent Roka Fitness another letter on January 7, 2019, again demanding that Roka Fitness cease and desist its use of the Infringing ROKA Mark. A true and correct copy of this letter is attached as **Exhibit "C**."

25.     Still having received no response, ROKA sent Roka Fitness a final cease and desist letter on March 14, 2019, advising Roka Fitness that unless it agreed to stop using the Infringing ROKA Mark, ROKA would have no choice but to pursue all available damages and remedies. A true and correct copy of this letter is attached as **Exhibit "D."**

26.     To verify that the March 14 letter was received, ROKA employed a process server to serve the letter on Roka Fitness on April 23, 2019. Authorized person Kelly Murski signed the proof of service verifying that the letter was received on behalf of Mr. Kahn and Roka Fitness. A true and correct copy of this proof of service is attached as **Exhibit "E."**

27.     To date, Roka Fitness has not responded to ROKA's repeated attempts to communicate not has Roka Fitness stopped using the Infringing ROKA Marks.

28.     Roka Fitness was, upon information and belief, at all material times, aware of ROKA and its ROKA Marks. ROKA is famous and well-known throughout Texas and the United States.  Roka Fitness's unauthorized use of the Infringing Mark is willful and intentional and likely intended as an effort to trade off of ROKA's goodwill and reputation.

29.     All conditions precedent to the filing of this action have been fulfilled or waived.

30.     ROKA has retained the undersigned counsel to represent it in this action and is obligated to pay undersigned counsel's reasonable attorneys' fees, which fees, together with costs, ROKA is entitled to recover from Roka Fitness pursuant to at least 15 U.S.C. § 1117.

## <u>COUNT I</u>
## <u>Trademark Infringement under 15 U.S.C. § 1114(1)</u>

31.     ROKA re-alleges and re-avers paragraphs 1-30 as though fully set forth herein.

32.     This is an action for trademark infringement under 15 U.S.C. § 1114(1).

33.     ROKA is the owner of the valid and subsisting U.S. Trademarks listed in **Exhibit A** for the ROKA word and design Marks.

8

34.     Roka Fitness's unauthorized use of the Infringing ROKA Mark in doing business and in connection with the Infringing Services, as well as use of the Infringing Mark in advertising and promotional materials, has caused and/or is likely to continue to cause, confusion, mistake or deception among consumers and customers as to the source, origin, nature, quality, or sponsorship of such services or as to the affiliation, connection or association of Roka Fitness with ROKA. The consuming public is likely to believe that Roka Fitness's use of the Infringing ROKA Mark in connection with its Infringing Services is authorized, licensed, or sponsored by ROKA when such is not the case.

35.     Roka Fitness's use of the Infringing Marks constitutes trademark infringement under 15 U.S.C. § 1114(1).

36.     As a proximate result of Roka Fitness's actions, ROKA has suffered and will continue to suffer damage to its business, goodwill, reputation, profits and strength of its ROKA Marks.  The injury to ROKA is substantial, ongoing, continuous and irreparable.  A monetary award of damages alone cannot fully compensate ROKA for its damages caused by Roka Fitness, and ROKA lacks an adequate remedy at law.

37.     The foregoing acts have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

38.     ROKA is entitled to temporary and permanent injunctions against Roka Fitness, as well as all other remedies available under the Lanham Act including, but not limited to, compensatory damages, treble damages, disgorgement of Roka Fitness's profits, and costs and attorneys' fees.

## COUNT II
## Trademark Infringement under 15 U.S.C. § 1125

39.     ROKA re-alleges and re-avers paragraphs 1-38 as though fully set forth herein.

40.     ROKA owns and holds common law rights in and to the ROKA Marks throughout Texas and the United States based on its continuous use of the ROKA Mark since at least as early as March 2013. ROKA has extensively marketed and promoted the ROKA Marks such that consumers know and recognize the ROKA Marks and associate them distinctly with ROKA and the high-quality sports products and solutions that ROKA markets, sells and provides.  As a result, the ROKA Marks have acquired valuable goodwill and fame throughout Texas and the United States.

41.     Roka Fitness's unauthorized use of the Infringing Mark in Texas and other geographical areas throughout the United States in doing business and in connection with the Infringing Services, as well as use of the Infringing Mark in advertising and promotional materials, has caused and/or is likely to continue to cause, confusion, mistake or deception among consumers as to the source, origin, or sponsorship of such services or as to the affiliation, connection or association of Roka Fitness with ROKA.  The consuming public is likely to believe that Roka Fitness's Infringing Services are authorized, licensed, or sponsored by ROKA when such is not the case.

42.     Roka Fitness's use of the Infringing ROKA Mark constitutes infringement of ROKA's valid and subsisting common law rights in the ROKA Marks in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

43.     As a proximate result of Roka Fitness's actions, ROKA has suffered and will continue to suffer substantial damage to its business, goodwill, reputation, profits and strength of its ROKA Marks.  The injury to ROKA is ongoing, continuous and irreparable.  A monetary award of damages alone cannot fully compensate ROKA for its damages caused by Roka Fitness, and ROKA lacks an adequate remedy at law.

44.     The foregoing acts have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

45.     ROKA is entitled to temporary and permanent injunctions against Roka Fitness, as well as all other remedies available under the Lanham Act including, but not limited to, compensatory damages, treble damages, disgorgement of Roka Fitness's profits, and costs and attorneys' fees, in an amount to be determined at trial.

### COUNT III
### False Association under 15 U.S.C. § 1125(a)

46.     ROKA re-alleges and re-avers paragraphs 1-45 as though fully set forth herein.

47.     Roka Fitness's unauthorized use of the Infringing ROKA Mark in connection with Infringing Services is likely to cause confusion, mistake or deception among consumers as to the source, origin, sponsorship or approval of Roka Fitness's Infringing Services in that consumers or others are likely to believe that Roka Fitness is associated with, connected to, affiliated with or related to ROKA or that ROKA authorizes, licenses, sponsors and/or controls the sale of Roka Fitness's Infringing Services when such is not the case.

48.     Roka Fitness's actions, as alleged herein, falsely suggest a connection with ROKA and constitute false association in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49.     The foregoing acts have been and continue to be deliberate, willful and wanton.

50.     As a direct and proximate result of Roka Fitness's actions, ROKA has suffered and will continue to suffer substantial damage to its business, goodwill, reputation, profits and strength of its ROKA Marks.  The injury to ROKA is ongoing, continuous and irreparable.

51.     A monetary award of damages alone cannot fully compensate ROKA for its damages caused by Roka Fitness, and ROKA lacks an adequate remedy at law. Accordingly,

ROKA is entitled to an order preliminarily and permanently enjoining and restraining Roka Fitness

from using the ROKA Marks, the Infringing Mark and/or any confusingly similar variation thereof.

52.    Additionally, as a result of Roka Fitness's actions described herein and pursuant to

15 U.S.C. § 1117(a), ROKA is entitled to and should be awarded Roka Fitness's profits, any

damages sustained by ROKA, and the costs of this action, in amounts to be determined at trial, as

well as other available remedies, including, attorneys' fees, in an amount to be determined at trial.

**COUNT IV**
**False Designation of Origin under 15 U.S.C. § 1125(a)**

53.    ROKA re-alleges and re-avers paragraphs 1-52 as though fully set forth herein.

54.    The ROKA Marks are distinctive marks and have become associated with ROKA

and, thus, exclusively identify ROKA's business, goods and services.

55.    Because of Roka Fitness's wrongful use of the Infringing ROKA Mark, consumers

and customers are deceptively led to believe that Roka Fitness's Infringing Services originate with,

are sponsored by, or otherwise approved by ROKA in violation of Section 43(a) of the Lanham

Act, 15 U.S.C. § 1125(a), or alternatively, will cause consumers to believe that the ROKA Marks

are generic, thus destroying the goodwill and value ROKA has built in and with the ROKA Marks.

56.    The foregoing acts and conduct by Roka Fitness constitute false designation of

origin, passing off and false advertising in connection with goods and services distributed in

violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57.    As a proximate result of Roka Fitness's actions, ROKA has suffered and will

continue to suffer substantial damage to its business, goodwill, reputation, profits and strength of

its ROKA Marks. The injury to ROKA is ongoing, continuous, and irreparable.  A monetary award

of damages alone cannot fully compensate ROKA for its damages caused by Roka Fitness, and

ROKA lacks an adequate remedy at law.

58.     ROKA is entitled to temporary and permanent injunctions against Roka Fitness, as well as all other remedies available under the Lanham Act including, but not limited to, compensatory damages, treble damages, disgorgement of Roka Fitness's profits, and costs and attorneys' fees, in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of any and all issues triable of right before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ROKA SPORTS, INC., prays for judgment against Defendant, ROKA FITNESS SERVICES LLC, as follows:

A.     Finding Defendant liable for infringement of the ROKA Marks and otherwise liable for the actions and claims described herein;

B.     For temporary and permanent injunctive relief enjoining Defendant and its respective officers, employees, and agents, and all persons or entities in active concert or participation with Defendant, from:

> i.     using the ROKA Marks or the Infringing ROKA Mark, whether alone or in combination with other words or elements, or any other formative variations thereof or any mark confusingly similar to the ROKA Marks, in advertising, banners, bills, billboards, brochures, buildings, business cards, clothing, company or corporate names, decals, DBAs, domain names, e-mails, equipment, flags, flyers, gyms, gym equipment, invoices, leaflets, letterhead, letters, magazines, marketing materials, office materials, patches, pencils, pens, pins, posters, printed materials, signs, social media accounts or platforms, software applications, solicitations, stickers, stores,

telephone books, trade names, user names, uniforms, warehouses, Web sites, and anywhere else it might appear in association with Roka Fitness, and;

    ii.    falsely designating the origin of the ROKA Marks or otherwise creating a false association with ROKA;

    iii.    injuring ROKA's goodwill and reputation; and

    iv.    doing any other act or thing that would likely induce the belief that Defendant's services are in anyway connected with or sponsored, affiliated, approved, licensed or endorsed by ROKA or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship or affiliation of Defendant with ROKA.

C.    Ordering that Defendant, in accordance with 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon ROKA within thirty (30) days after service of the permanent injunction a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the permanent injunction;

D.    Ordering Defendant to destroy all goods and services bearing the Infringing ROKA Mark, and all documents and materials, including boxes, packaging, stationary, letterhead, business forms, business cards, statements, invoices, signage, webpages, brochures, pamphlets, clothing, decals, equipment, flyers, gyms, gym equipment, and any other advertising and marketing materials bearing the Infringing ROKA Mark in accordance with 15 U.S.C. § 1118;

E.    Ordering Defendant to account for all profits derived from Defendant's unlawful use of the Infringing ROKA Mark in accordance with 15 U.S.C. § 1117(a);

F.    Ordering Defendant to pay ROKA monetary relief under 15 U.S.C. § 1117(a) in an amount equal to Defendant's profits plus damages sustained by ROKA as a result of Defendant's wrongful actions;

G.     Ordering Defendant to pay ROKA three times Defendant's profits made as a result of Defendant's wrongful actions or three times ROKA's damages, whichever is greater;

H.     Finding that this case is exceptional pursuant to 15 U.S.C. §§ 1117(a), 1117(b) and 1125(c), trebling any damages awarded to ROKA due to Defendant's willful and intentional acts of trademark infringement, false association, false designation of origin, and unfair competition and awarding exemplary damages for Defendant's willful and intentional acts;

I.     Awarding ROKA its reasonable attorneys' fees and costs incurred in connection with this action;

J.     Enjoining Defendant from registering and/or purchasing any other domain name that contains terms that are confusingly similar to the ROKA Marks, the Infringing ROKA Mark, or any formative variations thereof;

K.     For prejudgment interest according to law;

L.     Finding that ROKA is entitled to recover its costs of Court; and

M.     For such other and further relief the Court deems just and proper.


Dated: June 12, 2019                         Respectfully submitted,

                                             **PILLSBURY WINTHROP SHAW PITTMAN LLP**

                                             */s/ Edward A. Cavazos*
                                             Edward A. Cavazos
                                             Texas Bar No. 00787223
                                             ed.cavazos@pillsburylaw.com
                                             Brian C. Nash
                                             Texas Bar No. 24051103
                                             brian.nash@pillsburylaw.com
                                             Sarah A. Goetz (pending WDTX admission)
                                             Texas Bar No. 24109930
                                             sarah.goetz@pillsburylaw.com
                                             401 Congress Avenue, Suite 1700
                                             Austin, Texas 78701

Telephone:  (512) 580-9608
Facsimile:  (512) 580-9601

**_Attorneys for Plaintiff ROKA Sports, Inc._**